[Cite as *State v. DeVaughns*, 2017-Ohio-475.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27132 |
| | : | |
| v. | : | T.C. NO. 06CR843 |
| | : | |
| CHRISTOPHER A. DeVAUGHNS | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the ___10th___ day of _____February_____, 2017.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER A. DeVAUGHNS, #525-249, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Christopher DeVaughns appeals from the trial court's denial of his "motion for statement of the evidence, pursuant to App.R. 9(C)" and his "motion to set aside conviction and request for evidentiary hearing."  For the following reasons, the trial

court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} In 2006, DeVaughns was found guilty by a jury trial of felonious assault, in violation of R.C. 2903.11(A)(1), and kidnapping, in violation of R.C. 2905.01(A)(3). The charges stemmed from allegations that DeVaughns had beaten Lynelle Moore, the mother of his child, causing life-threatening injuries, and confined Moore against her will. The trial court sentenced DeVaughns to eight years in prison for the felonious assault and ten years for the kidnapping, to be served consecutively.

{¶ 3} On direct appeal, we rejected DeVaughns's claims that his conviction was against the manifest weight of the evidence and that the trial court erred in failing to merge his offenses as allied offenses of similar import. *State v. DeVaughns*, 2d Dist. Montgomery No. 21654, 2007-Ohio-3455. However, we held that the trial court erred in failing to afford DeVaughns an opportunity to speak on his own behalf at sentencing. We reversed the trial court's judgment and remanded for resentencing. *Id.* Upon remand, the trial court imposed the same sentence and ordered that it also run consecutively to a one-year sentence in another case. We affirmed the trial court's judgment. *State v. DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010.

{¶ 4} Since his conviction, DeVaughns has filed numerous motions with the trial court, some of which have culminated in appeals to this court. In August 2009, DeVaughns filed a motion for a new trial, based on newly discovered evidence. The alleged new evidence consisted of attendance sheets from a daycare center and a letter from a daycare employee, both of which purportedly demonstrated that DeVaughns had picked up his daughter during the time when, according to Moore, DeVaughns remained

with Moore and kept Moore confined in his apartment. The trial court denied DeVaughns's motions without a hearing. On appeal, we stated that the record "clearly reveals that this evidence was not new in relation to the issues of fact that were tried. The substance of [the employee's] letter was admitted into evidence at Defendant's trial as a stipulation." We affirmed the denial of DeVaughns's motion for a new trial. *State v. Devaughns*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125.

{¶ 5} In 2011, DeVaughns filed several motions, including motions for leave to file a motion for new trial, for correction of the trial transcript, for an audio-visual recording of the trial, and "for unavoidably prevented Crim.R. 33(B)," which the trial court construed as a motion for a new trial based on ineffective assistance of counsel. DeVaughns separately appealed from the trial court's denial of his "motion for unavoidably prevented Crim.R. 33(B)," *State v. DeVaughns*, 2d Dist. Montgomery No. 24631, and from his motion for correction of the trial transcript, pursuant to App.R. 9(E), *State v. DeVaughns*, 2d Dist. Montgomery No. 24700. We dismissed the appeal from his motion to correct the trial transcript, stating that the issue of an incomplete trial transcript could be raised in his then-pending appeal in Case No. 24631. *DeVaughns*, 2d Dist. Montgomery No. 24700 (Decision and Final Judgment Entry, Sept. 12, 2011).

{¶ 6} DeVaughns raised 14 assignments of error in Case No. 24631; DeVaughns did not raise the issue of an incomplete trial transcript. Upon review, we affirmed the trial court's denial of his "motion for unavoidably prevented Crim.R. 33(B)." *DeVaughns.* 2d Dist. Montgomery No. 24631, 2012-Ohio-5791.

{¶ 7} In April 2015, DeVaughns filed a petition to vacate or set aside the judgment of conviction, as well as several motions to supplement his petition, raising ineffective

assistance of counsel and prosecutorial misconduct. The petition argued that defense counsel failed to properly object to the admissibility of certain blood evidence and that the prosecutor offered into evidence and discussed during closing argument inadmissible blood evidence. The trial court denied his petition, reasoning that his petition was untimely and that his allegations "do not address complaints outside the record that could not be attacked on direct appeal."

{¶ 8} On June 30, 2015, DeVaughns appealed the trial court's ruling on his petition for post-conviction relief. *State v. DeVaughns*, 2d Dist. Montgomery No. 26745. On July 13, 2015, DeVaughns filed a motion in the trial court for a statement of the evidence, pursuant to App.R. 9(C), stating that the trial court record "is devoid of the evidence necessary for Appellate Review CA 26745." In October 2015, DeVaughns filed within his pending appellate case (Case No. 26745) a "complaint" for a writ of procedendo, seeking an order to compel the trial court to rule on the pending motion for a statement of the evidence. We overruled and dismissed his "complaint" because DeVaughns did not file his complaint as an independent original action. *DeVaughns*, 2d Dist. Montgomery No. 26745 (Decision and Entry, Oct. 22, 2015). On February 2, 2016, DeVaughns moved to "withdraw" his appeal, citing our failure to order the trial court to rule on his pending motion for a statement of the evidence. We granted DeVaughns's motion to voluntarily dismiss his appeal. *State v. DeVaughns*, 2d Dist. Montgomery No. 26745 (Decision and Final Judgment Entry, Feb. 19, 2016).

{¶ 9} On February 18, 2016, DeVaughns filed another petition, pursuant to R.C. 2953.21 and R.C. 2953.23, asking the trial court to set aside his judgment of conviction. In his petition, DeVaughns stated that there was evidence of blood on various items in

the apartment, but the record did not identify the person whose blood was found. (No DNA testing had been requested on the blood samples.) He indicated that the trial transcript reads that certain testimony about the blood was "indiscernible", and that the "identity and/or identities of the State's (DNA) evidence used to convict [him]" was outside the trial court's record and unavailable. In his "prayer for relief," DeVaughns appears to claim that the failure to identify the source of the blood deprived him of his right to confront witnesses, that his trial counsel was ineffective in failing to challenge the blood evidence, and that these circumstances warranted a new trial.

{¶ 10} On March 7, 2016, DeVaughns filed a "motion" with the trial court, pursuant to R.C. 2953.21(D) and R.C. 2953.23(A)(1), noting that the State had failed to respond to his petition to vacate and set aside his conviction and claiming that the State, through its silence, had conceded the facts in his petition for post-conviction relief. On March 22, 2016, the State filed an opposition memorandum, arguing that DeVaughns's claims were barred by res judicata and were time-barred.

{¶ 11} On March 30, 2016, the trial court overruled, without a hearing, DeVaughns's July 13, 2015 motion for statement of the evidence and his "Motion to Vacate or Set Aside Conviction and Request for Evidentiary Hearing, filed on March 7, 2016."[1] (Italics omitted.) The court reasoned:

> Defendant contends there were issues with the trial transcript and
>
> constitutional errors throughout his trial. Since the jury convicted the

---

[1] DeVaughns's petition to vacate or set aside his conviction, with a request for an evidentiary hearing, was filed on February 18, 2016, not March 7, 2016. Based on the substance of the trial court's judgment, it is apparent that the court ruled on the petition for post-conviction relief, regardless of the stated date.

Defendant on May 30, 2006, for Felonious Assault and Kidnapping, the Defendant has appealed to the Second District Court of Appeals on numerous occasions. Accordingly, the Court finds the allegations contained in the Defendant's Motions are barred by res judicata. Defendant's arguments should have been brought to the attention of the Court in prior proceedings, namely at his trial and at the first direct appeal of his trial. Therefore, the Court OVERRULES Defendant's Motions.

**{¶ 12}** DeVaughns appeals from the trial court's March 30, 2016 decision, raising two "issues" on appeal.

## II. Statement of the Evidence

**{¶ 13}** DeVaughns's first issue for review states:

Trial court's decision order and entry March 30, 2016 citing res judicata to overrule defendant's motion for statement of evidence July 13, 2015 as contemplated by App.R. 9(C), meaning that whether or not settlement is required, the trial court must determine the accuracy and truthfulness of a proposed statement of evidence or proceedings and then approve it independent of any agreement or disagreement between the parties, the trial court has the responsibility, duty and authority under App.R. 9(C) to delete[,] add or otherwise modify portions of a statement of evidence or proceedings so that it conforms to the truth and is accurate before it is approved. Trial court chose not to do so.

**{¶ 14}** DeVaughns claims that the trial court erred in overruling his motion for statement of evidence, pursuant to App.R. 9(C). He argues that the trial court should not

have applied res judicata and, instead, the trial court should have corrected the trial transcript.

{¶ 15} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶ 16} DeVaughns has had several prior appeals relating to his conviction, including a direct appeal and appeals from post-conviction motions. DeVaughns had the opportunity to raise the issue of the incomplete transcript during his direct appeal, and we specifically informed him that he could raise that issue as an assignment of error in Case No. 24631. DeVaughns failed to do so. Accordingly, the trial court did not err in denying DeVaughns's motion based on res judicata.

{¶ 17} In addition, DeVaughns sought to correct the trial transcript, pursuant to App.R. 9(C), in connection with his appeal in Case No. 26745. When the trial court ruled on DeVaughns's motion for statement of evidence on March 30, 2016, DeVaughns's

appeal in Case No. 26745 had already been voluntarily dismissed. Accordingly, there was no pending appellate case in which the record allegedly needed to be corrected. We cannot conclude that, on March 30, 2016, the trial court erred in overruling DeVaughns's motion for a statement of the evidence.

{¶ 18} Even if the trial court had denied DeVaughns's motion for a statement of the evidence while his prior appeal (Case No. 26745) was pending, we would find no error in the trial court's ruling. App.R. 9(C) through (E) set forth the process to be followed to complete the record when a party believes the record of proceedings is incomplete or inaccurate. *State v. Harris*, 2d Dist. Montgomery No. 23915, 2013-Ohio-716, ¶ 11. App.R. 9(C)(1) provides, in part: "If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." In contrast, App.R. 9(E) provides, "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. * * *"

{¶ 19} App.R. 9(E), not App.R. 9(C), generally sets forth the proper procedure for correcting omissions from an available trial transcript. *See State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 69 (2d Dist.); *State v. Shutway*, 2d Dist. Champaign. No. 2014-CA-10, 2015-Ohio-2433, ¶ 9-10. Regardless, DeVaughns's motion argued that the trial transcript omitted his trial counsel's reasons for objecting to the prosecution's use of certain blood evidence, but he did not articulate what the missing statements were. The trial court was provided no specific information from which it could determine what

corrections to approve or disapprove.

**{¶ 20}** DeVaughns's first "issue for review" is overruled.

### III. Petition for Post-Conviction Relief

**{¶ 21}** DeVaughn's second "issue for review" is in two parts:

Trial court's decision order and entry March 30, 2016 citing res judicata to overrule Defendant's motion March 7, 2016 in pursuant to Ohio Revised Code 2953.21(D), meaning that within ten days after docketing the petition, or within further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion.

Defendant's petition filed February 18, 2016, prosecution's motion contra filed March 22, 2016 twenty-three days late filed pursuant [to] Ohio Revised Code 2953.21(D). Prosecution did not motion for extension of time, prosecution was not granted permission to late file motion contra March 22, 2016; therefore, prosecution is forever time-barred from any response to Defendant's petition filed February 18, 2016

**{¶ 22}** DeVaughns contends that the trial court abused its discretion in overruling his petition for post-conviction relief, because the State's response to the February 18, 2016 petition was untimely. In his argument, he also claims that the trial court should not have overruled his petition.

**{¶ 23}** As the outset, we reject DeVaughns's argument that the trial court was required to grant his petition for post-conviction relief simply because the State allegedly did not file a timely response. In order to be entitled to post-conviction relief, DeVaughns was required to establish a violation of his constitutional rights that rendered his judgment

of conviction void or voidable. R.C. 2953.21; *see also, e.g.*, *State v. Zimpfer*, 2d Dist. Montgomery No. 26857, 2016-Ohio-7330, ¶ 26.

{¶ 24} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410.

{¶ 25} When a direct appeal of the judgment of conviction has been taken (as in DeVaughns's case), a petition for post-conviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2).[2] Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 26} Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or

---

[2] Prior to March 23, 2015, a petition for post-conviction relief was required to be filed no later than 180 days after the date on which the trial transcript was filed in the court of appeals. *See* Sub.H.B. 663.

successive petition for post-conviction relief unless (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 27} As stated above, DeVaughns's petition for post-conviction relief claimed that inadmissible blood evidence was admitted at trial. He asserted that the blood samples taken from his apartment were unrelated to the offenses, and that the State did not establish the identity of the person from whom the blood came. (The evidence at trial indicated that the blood was human, but no DNA testing was done on the blood.) DeVaughns claims that the State's failure to identify the source of the blood deprived him of the right to confront witnesses, and he also appears to argue that his trial counsel was ineffective in failing to challenge the blood evidence.

{¶ 28} DeVaughns's petition for post-conviction relief is both successive and untimely. His trial transcript was filed in his direct appeal in August 2006. The petition before us was filed nearly ten years later, and he had previously filed a petition for post-conviction relief. Nothing in DeVaughns's petition indicates that he was unavoidably prevented from discovering the facts upon which he relies to present his claim. DeVaughns knew from the trial that the blood evidence was presented at trial and that DNA testing had not been performed on those samples. DeVaughns was also aware of his defense counsel's statements to the trial court concerning the admissibility of that

evidence and could have raised his counsel's alleged ineffectiveness on direct appeal.

{¶ 29} DeVaughns does not claim that the State knew, through DNA testing, whose blood was found in the apartment, but failed to disclose those DNA test results. To the extent that DeVaughns asserts that he was denied the right to confront witnesses, he has not identified the witnesses that he was unable to confront nor indicated how he had been prejudiced. DeVaughns has not shown by clear and convincing evidence that, but for the alleged constitutional error, no reasonable factfinder would have found him guilty.

{¶ 30} The trial court did not err in denying DeVaughns's petition for post-conviction relief.

## IV. Conclusion

{¶ 31} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and BROGAN, J., concur.

(Hon. James A. Brogan, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michele D. Phipps
Christopher A. DeVaughns
Hon. Gregory F. Singer