[Cite as *State v. DeVaughns*, 2018-Ohio-1421.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27727 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-843 |
| | : | |
| CHRISTOPHER A. DEVAUGHNS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEVAUGHNS, Inmate No. 525-249, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Christopher A. DeVaughns, appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his Crim.R. 33 motion for new trial. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2006, DeVaughns was tried before a jury and found guilty of felonious assault in violation of R.C. 2903.11(A)(1) and kidnapping in violation of R.C. 2905.01(A)(3). The charges stemmed from allegations that DeVaughns had beaten the mother of his child, Lynelle Moore, causing her life-threatening injuries, and confined Moore against her will. After the jury rendered its verdict, the trial court sentenced DeVaughns to eight years in prison for the felonious assault and ten years in prison for the kidnapping. The trial court ordered the sentences to be served consecutively to each other and consecutively to a sentence imposed in another case.

{¶ 3} DeVaughns subsequently appealed from his conviction and sentence. On appeal, we rejected the manifest weight and allied offense claims raised by DeVaughns in his appeal, but held that the trial court erred in failing to afford DeVaughns an opportunity to speak on his own behalf at sentencing. Accordingly, we reversed the trial court's sentencing decision and remanded the matter for resentencing. *State v. DeVaughns*, 2d Dist. Montgomery No. 21654, 2007-Ohio-3455 ("*DeVaughns I*").

{¶ 4} On remand, the trial court gave DeVaughns the opportunity to address the court personally at his resentencing hearing. Following DeVaughns' remarks, the trial

court imposed the same sentence that it had imposed at the original sentencing hearing. DeVaughns thereafter appealed from the sentence imposed by the trial court on remand, which we affirmed. *State v. DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010 ("*DeVaughns II*").

{¶ 5} In August 2009, DeVaughns filed a pro se motion for new trial based on newly discovered evidence. The alleged new evidence consisted of attendance sheets from a daycare center and a letter from a daycare employee, both of which purportedly demonstrated that DeVaughns had picked up his daughter during the time it was alleged that he kidnapped Moore. The trial court denied DeVaughns' motions without a hearing. On appeal, we held that the record "clearly reveals that this evidence was not new in relation to the issues of fact that were tried. The substance of [the employee's] letter was admitted into evidence at Defendant's trial as a stipulation." Accordingly, we affirmed the denial of DeVaughns' motion for a new trial. *State v. DeVaughns*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125 ("*DeVaughns III*").

{¶ 6} In 2011, DeVaughns filed several other pro se motions, including, but not limited to, a "Motion for Correction [of] Trial Transcript" and a "Motion for Unavoidably Prevented Crim.R. 33(B)," which the trial court construed as a Crim.R. 33 motion for new trial. The trial court overruled both motions and DeVaughns separately appealed those decisions. We dismissed DeVaughns' appeal from the trial court's decision overruling the motion to correct the trial transcript on grounds that the issue of an incomplete trial transcript could have been raised in the pending appeal from his Crim.R. 33 motion for new trial. Decision and Final Judgment Entry (Sept. 12, 2011), 2d Dist. Montgomery App. Case No. 24700.

{¶ 7} In the appeal from the trial court's decision overruling DeVaughns' Crim.R. 33 motion for new trial, we found that all but one of DeVaughns' assignments of error were either barred by res judicata or were not properly before this court. The single assignment of error we reviewed claimed that DeVaughns' trial counsel was ineffective in failing to present exculpatory evidence related to his purported alibi. We, however, affirmed the trial court's decision overruling DeVaughns' motion for new trial on grounds that the motion was untimely and that DeVaughns was not unavoidably prevented from discovering the evidence on which his ineffective assistance claim was based. *State v. DeVaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791 ("*DeVaughns IV*").

{¶ 8} In April 2015, DeVaughns filed a petition for post-conviction relief pursuant to R.C. 2953.21 and R.C. 2953.23, along with several other motions to supplement his petition. The petition and motions included claims of ineffective assistance of counsel and prosecutorial misconduct. Specifically, DeVaughns argued that his trial counsel failed to properly object to the admissibility of certain blood evidence and that the prosecutor offered into evidence and discussed during closing argument inadmissible blood evidence. The trial court denied DeVaughns' petition on grounds that it was untimely and that his allegations "do not address complaints outside the record that could not be attacked on direct appeal." On June 30, 2015, DeVaughns appealed that ruling, but then voluntarily dismissed the appeal. Decision and Final Judgment Entry (Feb. 19, 2016), 2d Dist. Montgomery App. Case No. 26745.

{¶ 9} On February 18, 2016, DeVaughns filed another petition for post-conviction relief, wherein he asked the trial court to set aside his conviction. Specifically, DeVaughns argued that there was evidence of blood on various items in his apartment,

but the record did not identify the identity of the person whose blood was found, as no DNA testing had been requested on the blood samples. DeVaughns further indicated that certain testimony about the blood was "indiscernible" in the trial transcript and that the "identity and/or identities of the State's (DNA) evidence used to convict [him]" was outside the trial court's record and unavailable. DeVaughns also claimed that the failure to identify the source of the blood deprived him of his right to confront witnesses, that his trial counsel was ineffective in failing to challenge the blood evidence, and that these circumstances warranted a new trial.

{¶ 10} Approximately three weeks later, on March 7, 2016, DeVaughns filed a "motion" under R.C. 2953.21 and R.C. 2953.23, arguing that the State had failed to respond to his petition for post-conviction relief, and therefore, had conceded the facts in his petition. In response, the State filed an opposing memorandum arguing that the claims in DeVaughns' petition were untimely and barred by the doctrine of res judicata. The trial court agreed with the State. Therefore, on March 30, 2016, the trial court issued a decision overruling DeVaughns' petition for post-conviction relief[1] on the basis of res judicata. Not satisfied with the trial court's decision, DeVaughns once again appealed to this court.

{¶ 11} On appeal, we found that DeVaughns' petition was successive and untimely, and that he failed to establish that he was unavoidably prevented from discovering the facts upon which his claim was based. Specifically, we found that

---

[1] Although the trial court's judgment entry references DeVaughns' motion filed on March 7, 2016, and not the petition for post-conviction relief filed on February 18, 2016, based on the substance of the trial court's judgment, it is apparent that the court ruled on the petition for post-conviction relief, regardless of the stated date. *See State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332, ¶ 11, fn. 1 (2d Dist.).

DeVaughns knew, from being present at his trial, that the blood evidence was offered at trial and that it was not DNA tested. We also found that DeVaughns was aware of his trial counsel's statements to the trial court concerning the admissibility of the blood evidence, and therefore, he could have raised his counsel's alleged ineffectiveness in his direct appeal. Accordingly, we affirmed the judgment of the trial court overruling DeVaughns' petition for post-conviction relief. *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332 (2d Dist.) ("*DeVaughns V*").[2]

{¶ 12} Two days before our decision was released in *DeVaughns V*, on February 8, 2017, DeVaughns filed yet another pro se Crim.R. 33 motion for new trial. The motion raised the same argument that was raised in his prior petition for post-conviction relief; namely, that the State's purported failure to identify the source of the blood evidence used at trial deprived him of his right to confront his accusers. The State filed an opposing memorandum in response arguing that DeVaughns' claim was barred by res judicata. DeVaughns thereafter filed a reply to the State's memorandum, followed by two additional pro se motions filed on June 21, 2017, and July 5, 2017, which requested the trial court to allow him to depose the source of the blood evidence and to "exculpate testimony" regarding the blood evidence.

{¶ 13} On August 15, 2017, the trial court issued a decision overruling all three of DeVaughns' pending motions. In doing so, the trial court analyzed the motions under Crim.R. 33 and found that they were untimely and not filed on the basis of newly discovered evidence. The trial court also determined that the motions were barred by

---

[2] In that decision we also affirmed the trial court's judgment overruling DeVaughns' App.R.9(C) motion for a statement of the evidence that was filed on July 13, 2015. *DeVaughns V*, 2017-Ohio-475, 84 N.E.3d 332 at ¶ 13-20.

the doctrine of res judicata. DeVaughns now appeals from the trial court's decision, raising two assignments of error for review.

**First Assignment of Error**

{¶ 14} Although difficult to discern, we interpret DeVaughns' First Assignment of Error as generally challenging the trial court's decision to overrule his motion for new trial pursuant to Crim.R. 33. After a thorough review of the record, we find no error in the trial court's decision.

{¶ 15} "A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion." *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 31, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus; *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} Pursuant to Crim.R. 33(A):

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the

state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. * * *;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *

{¶ 17} Except for motions based on newly discovered evidence under Crim.R. 33(A)(6), a motion for new trial "shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * * [.]" Crim.R. 33(B). In contrast, a motion for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * * [.]" *Id.*

{¶ 18} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009 CA 84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19, 2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.). "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or

discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.) *Warwick* at \*2. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16.

**{¶ 19}** " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Parker* at ¶ 16, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "[A] defendant fails to demonstrate that he or she was unavoidably prevented from discovering new evidence when he would have discovered that information earlier had he or she exercised due diligence and some effort." *State v. Lenoir*, 2d Dist. Montgomery No. 26846, 2016-Ohio-4981, ¶ 24, citing *State v. Metcalf*, 2d Dist. Montgomery No. 26101, 2015-Ohio-3507, ¶ 11, citing *Warwick*.

**{¶ 20}** In this case, DeVaughns filed his motion for new trial pursuant to Crim.R. 33(A)(1), (4), and (5). DeVaughns' motion is therefore based on an irregularity in the proceedings, insufficient evidence to support his conviction, and an error of law at trial. Since DeVaughns' motion is not based on newly discovered evidence, he was required to file his motion within fourteen days after his verdict or to request leave to file his motion out of time by providing clear and convincing proof that he was unavoidably prevented from timely filing his motion. The record is clear that DeVaughns' motion for new trial was untimely, as he filed the motion over ten years after his verdict was rendered.

Accordingly, DeVaughns was obligated to provide the trial court with clear and convincing proof that he was unavoidably prevented from filing his motion in a timely fashion. DeVaughns did not do this.  We further note that the record is devoid of any evidence indicating that DeVaughns was unavoidably prevented from discovering the fact that the blood evidence was not DNA tested, as he was aware of this fact at the time of trial. Therefore, since DeVaughns never provided the trial court with a reason, let alone clear and convincing proof that he had been unavoidably prevented from timely filing his motion, the trial court did not abuse its discretion in denying his motion for new trial.

{¶ 21} The trial court also properly concluded that the blood evidence issue raised in DeVaughns' motion for new trial was barred by the doctrine of res judicata, as he could have raised that issue in his direct appeal and raised similar issues in *DeVaughns IV* and *DeVaughns V*.  *See State v. Videen*, 2d Dist. Montgomery No. 27479, 2017-Ohio-8608, ¶ 20 (finding res judicata barred appellant from raising issues in his motion for new trial that could have been raised in his direct appeal), citing *State v. Russell*, 10th Dist. Franklin No. 04AP-1149, 2005-Ohio-4063, ¶ 6-7 and *State v. Butler*, 2d Dist. Clark No. 2717, 1991 WL 116659, *1 (June 26, 1991).

{¶ 22} For the foregoing reasons, DeVaughns' First Assignment of Error is overruled.

### Second Assignment of Error

{¶ 23} We interpret DeVaughns' Second Assignment of Error as challenging this court's decision in *DeVaughns III*, as DeVaughns merely quotes the following portion of that decision:

[T]he mere fact that at some point during Lynelle Moore's confinement Defendant briefly left his apartment to pickup his daughter does not exonerate Defendant and demonstrate that Defendant did not restrain Moore's liberty at other times during this period. Nor does the fact that Defendant briefly left the apartment necessarily establish that Moore had opportunities to escape confinement, given the physical injuries Defendant inflicted on her and his threat to kill her if she tried to escape. Defendant's first, second, third and sixth assignments of error are overruled.

*DeVaughns III*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125 at ¶ 25-26.

{¶ 24} DeVaughns' challenge to this court's decision in *DeVaughns III* is not properly before this court. In addressing a similar issue raised by DeVaughns in one of his prior appeals, we noted that "DeVaughns' recourse was to seek reconsideration in this Court, pursuant to App.R. 26(A), or leave for our decision to be considered by the Ohio Supreme Court, which were not done." *DeVaughns IV*, 2d Dist. Montgomery No. 2012-Ohio-5791 at ¶ 9. The same is true here. This court's prior decision in *DeVaughns III* remains the law of the case, thus rendering any challenge DeVaughns may have to that decision without merit.

{¶ 25} DeVaughns' Second Assignment of Error is overruled.

## Conclusion

{¶ 26} Having overruled both assignments of error raised by DeVaughns, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michael J. Scarpelli
Christopher A. Devaughns
Hon. Gregory F. Singer