DECISION. *Page 2 
{¶ 1} On June 15, 2007, at approximately 5:50 p.m., the Delhi branch of the Northside Bank Trust Company on Foley Road was robbed. Across the street from the bank, a former police officer, Brian Bolin, was washing his car when he saw three people run from the bank, two of them with bandanas around their necks and at least one person holding what appeared to be a handgun. The robbers got into a car driven by a white female. Bolin, realizing that a robbery must have taken place, called 911 and began to follow the car that the robbers had entered. He continued to give the location of the vehicle until police officers stopped the car and arrested the four suspects, one of which was defendant-appellant James Brown. Recovered from the car was over $20,000 in cash taken from the bank.
 {¶ 2} Brown was indicted for three counts of robbery[1] and three counts of first-degree kidnapping.[2] Five months later, Brown was further indicted, under a separate case number, for vandalism[3] and escape.[4] These charges stemmed from damage caused to Brown's cell in the Hamilton County Justice Center while he was awaiting trial on the bank-robbery charges. The two cases were consolidated and tried by a jury. Brown was acquitted of one count of robbery but convicted of the remaining charges. The trial court sentenced Brown to a one-and-one-half-year prison term for vandalism and to an eight-year prison term for each remaining offense. These sentences were to be served consecutively, for a total term of 49 ½ years. *Page 3 
 {¶ 3} Brown now appeals, alleging in five assignments of error that (1) his indictment for robbery was structurally defective; (2) the trial court erred by convicting him of first-degree kidnapping instead of second-degree kidnapping; (3) the joinder of the two separate indictments denied Brown a fair trial; (4) the trial court erred by imposing maximum, consecutive sentences; and (5) the trial court erred by failing to merge for sentencing the offenses of robbery and kidnapping, as they were allied offenses of similar import. For the following reasons, we reverse the trial court's judgment in part, reduce Brown's kidnapping convictions to second-degree felonies, and merge Brown's two robbery offenses for sentencing. But we affirm the remaining aspects of the judgment.
 The Robbery {¶ 4} At trial, three bank employees testified. Ann Mitchell, the assistant branch manager, testified that she was sitting at her desk in the front of the bank when three people entered. Brown pointed a gun at her and said, "[T]his is a robbery." Mitchell was then moved behind the teller line with the other two bank employees. Mitchell testified that all three robbers were yelling and that one person kept saying, "[I]f you move, we'll shoot." She said that she and the other employees were hesitant to move after the robbers left.
 {¶ 5} Laura Eddingfield, a bank teller, testified that three people robbed the bank. During the robbery, one participant, later identified as Hasani Brown, pointed a gun at the other teller and demanded all the money. The female robber, later identified as Mikaela Williams, told the bank employees that if they "valued their life they would not move." Hansani Brown stood on the counter and pointed two guns at the employees crouched on the floor behind the teller line while the other two *Page 4 
robbers filled their bags with money. Eddingfield testified that she did not move for a while after the robbers left because she feared they might come back.
 {¶ 6} Lisa Roller, the second bank teller, testified that three people robbed the bank. She testified that just before the robbers left the bank, Hasani Brown said, "[I]f you want to live, don't move." As a result of this threat, Roller said that she did not move after the robbers left.
 {¶ 7} Williams, Brown's accomplice, identified Brown from the bank's security videotape and from a security videotape from a Speedway gas station. Earlier that day, Brown had purchased gloves at the gas station for Williams to wear during the robbery.
 Defective Indictment? {¶ 8} In his first assignment of error, Brown argues that the omission of mens rea allegations in the indictment for robbery mandated the reversal of those convictions. Because R.C. 2911.02(A)(2) does not specify a culpable mental state to obtain a conviction under that robbery statute, the state must prove that the defendant acted recklessly.[5] In this case, the indictment did not contain that element. Nevertheless, this assignment of error is not well taken.
 {¶ 9} In State v. Colon (Colon I), the Supreme Court of Ohio held that the omission of a mens rea allegation in an indictment was a structural defect that rendered the conviction improper.[6] But in State v.Colon (Colon II), the court confined the holding in Colon I to its specific facts, noting that rarely will the absence of a mens rea allegation in an indictment permeate the proceedings to such an extent that a conviction would be invalid.[7] *Page 5 
 {¶ 10} Moreover, if the defect in the indictment does not permeate the proceedings and the defendant fails to object to the alleged defect, an appellate court is to review the proceedings for plain error.[8] Under the plain-error standard, an appellate court will reverse a judgment only where the outcome clearly would have been different absent the alleged error.[9]
 {¶ 11} In this case, the absence of mens rea allegations in the indictment did not result in a structural defect, and the trial court did not commit plain error in convicting Brown of robbery. The state presented evidence that Brown had committed robbery purposely, a greater degree of culpability than the recklessness required for robbery by the holding in Colon I. Moreover, the jury was not instructed that robbery was a strict-liability offense. Accordingly, any defects in the indictment were harmless, and we overrule the first assignment of error.
 Kidnapping {¶ 12} Brown contends that the trial court erred in finding him guilty of and sentencing him on first-degree kidnapping charges.
 {¶ 13} Brown was indicted on three counts of kidnapping in violation of R.C. 2905.01(A)(2). Under that statute, kidnapping is normally a felony of the first degree, but "if the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree."[10]
 {¶ 14} Here, the jury answered special interrogatories, finding that Brown had released the three bank employees in a safe place, unharmed. Although the trial court stated on the record that Brown was being convicted of second-degree *Page 6 
kidnapping, the court's judgment entry does not reflect this. Accordingly, we hereby instruct the trial court on remand to modify the judgment entry to reflect that Brown has been convicted of three counts of second-degree kidnapping. Because the trial court indicated on the record that it was sentencing Brown for second-degree kidnappings and, in fact, imposed prison terms within the applicable statutory range for second-degree felonies, we hold that the trial court did not abuse its discretion in sentencing Brown for the kidnappings.
 {¶ 15} Therefore, Brown's second assignment of error is sustained in part and overruled in part.
 Relief from Joinder {¶ 16} In Brown's third assignment of error, he argues that the trial court denied him a fair trial by trying his charges for escape and vandalism with his charges for robbery and kidnapping. Though he does not explicitly say so, Brown appears to be arguing that the trial court erred by denying his motion to sever the two indictments under Crim.R 14, which provides relief from prejudicial joinder of indictments or offenses. This assignment of error is not well taken.
 {¶ 17} Crim. R. 13 provides that two or more indictments may be tried together "if the offenses * * * could have been joined in a single indictment." Under Crim. R. 8(A), two or more offenses may be charged in the same indictment if the offenses charged are "of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 18} Brown argues that if the offenses in this case had been tried separately, evidence of the escape would have been inadmissible in the robbery and *Page 7 
kidnapping trial. But this is incorrect. Brown's attempt to escape was evidence of flight and was admissible to show his consciousness of guilt.[11] Because the charged offenses could have been joined in one indictment, the question is whether Brown was prejudiced by the trial court's refusal to grant him separate trials of the two indictments.[12]
 {¶ 19} To demonstrate an error in failing to sever, a defendant must show that (1) his rights were prejudiced by the joinder; (2) at the time he moved to sever, he provided the court with sufficient information to weigh the considerations favoring joinder against his right to a fair trial; and (3) the trial court abused its discretion in overruling the motion.[13]
 {¶ 20} Brown argues that he was prejudiced by the jury instruction on "flight." We are not convinced that Brown was prejudiced, as the jury instruction was permissible to explain how the jury could properly consider the evidence of flight. Furthermore, the jury instruction specifically stated that the jury could infer guilt, not that itshould infer guilt, from the evidence of escape. Finally, even though the acts underlying the escape and vandalism charges did not occur until five months after the bank robbery, the Ohio Supreme Court has held that "admissibility of evidence of flight does not depend upon how much time passes between the offense and the defendant's flight."[14] Flight on the eve of trial can carry the same inference of guilt as flight from the scene.[15]
 {¶ 21} Accordingly, we hold that the trial court did not abuse its discretion in refusing to sever the indictments. The third assignment of error is overruled. *Page 8 
 Maximum, Consecutive Sentences {¶ 22} In his fourth assignment of error, Brown argues that the trial court erred by imposing maximum, consecutive prison terms. We overrule this assignment of error. Each sentence was in the applicable statutory range, and the trial court did not abuse its discretion in imposing maximum, consecutive systems given Brown's significant criminal history.
 Allied Offenses {¶ 23} In his fifth and final assignment of error, Brown contends that he was improperly sentenced because the charges for robbery and kidnapping involved allied offenses of similar import.
 {¶ 24} Under R.C. 2941.25, if a defendant commits two or more allied offenses of similar import, he can only be convicted of one. But if two allied offenses are committed with a separate animus, the defendant may be convicted of each.[16] The Ohio Supreme Court has recognized that, unless there is a separate animus, the commission of robbery necessarily results in the commission of a kidnapping, and therefore that the crimes are allied offenses of similar import under R.C. 2941.25(A).[17]
 {¶ 25} The question then is whether the robbery and the kidnapping in this case were committed with a separate animus. The Ohio Supreme Court has held that "[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged * * * [or] where the *Page 9 
asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense to support separate convictions."[18]
 {¶ 26} In this case, the state demonstrated a separate animus for the kidnapping charges. After Brown and his accomplices had stuffed money from the bank into their bags, the robbery was over. But at that point, one of the robbers then told the bank employees, "[D]on't move if you value your life." The robbers then left. The employees did not immediately move to pull the alarm after the robbers had left due to their fear of being harmed, and thus their liberty was effectively restrained apart from the robbery. Accordingly, it was proper for the trial court to enter separate convictions for the kidnappings.
 {¶ 27} With respect to the two robbery convictions, we sua sponte merge those two counts, as they involved allied offenses of similar import. Although there were several bank employees who were threatened with physical harm, the robberies were committed with a single animus: to steal money from the bank.[19]
 {¶ 28} Accordingly, we overrule Brown's assignment of error as it pertains to the merger of the robbery and kidnapping offenses, but sustain it as to the merger of the robbery offenses.
 {¶ 29} In conclusion, we reverse in part to the extent that the trial court's judgment imposed separate sentences for the two robbery convictions and found Brown guilty of the kidnappings as first-degree felonies. We remand this case so that the trial court can correct its judgment to reflect that the kidnappings were second-degree *Page 10 
felonies, and for the imposition of only one sentence for the two robberies. In all other respects, the trial court's judgment is affirmed.
Judgment accordingly.
Hendon, P.J., concurs.
Painter, J., dissents.
[1] R.C. 2911.02(A)(2).
[2] R.C. 2905.01(A)(2).
[3] R.C. 2909.05(B)(1)(b).
[4] R.C. 2921.34(A).
[5] State v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732,803 N.E.2d 770, ¶ 18.
[6] 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 38.
[7] 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169.
[8] Id. at ¶ 7.
[9] State v. Miller, 1st Dist. No. C-070691, 2008-Ohio-5899, ¶ 22.
[10] R.C. 2905.01(C)(1).
[11] See State v. Hand, 107 Ohio App.3d 378, 2006-Ohio-18,840 N.E.2d 151, ¶ 167.
[12] See State v. Bailey, 1st Dist. Nos. C-060089 and C-060091, 2007-Ohio-2014, ¶ 16.
[13] See State v. Schaim, 65 Ohio St.3d 51, 59, 1992-Ohio-31,600 N.E.2d 661.
[14] 4 Hand, supra, at ¶ 169, citing State v. Alexander (Feb. 26, 1987), 8th Dist. No. 51784.
[15] Id.
[16] R.C. 2941.25(B).
[17] State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625,886 N.E.2d 181, at ¶ 18, citing State v. Fears, 89 Ohio St.3d 329, 344,1999-Ohio-111, 715 N.E.2d 136; see, also, State v. Winn, ___ Ohio St.3d ___, 2009-Ohio-1059, ___ N.E.2d ___ (holding that aggravated robbery and kidnapping are allied offenses of similar import under R.C. 2945.21[A]).
[18] State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus. See, also, Fears, supra.
[19] See, generally, State v. Gamble (Nov. 13, 1996), 1st Dist. No. C-960071 (holding that aggravated-robbery and robbery convictions arising from a bank robbery were committed with a single animus: to steal from the bank and not individual bank employees).