[Cite as *State v. Moore*, 2019-Ohio-2633.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,              CASE NO.  7-19-01

     v.

ETHAN P. MOORE,                O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Napoleon Municipal Court
Trial Court No. CRB1600005

**Judgment Affirmed**

**Date of Decision:    July 1, 2019**

APPEARANCES:

    *Ethan Moore*, Appellant

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Ethan P. Moore ("Moore"), appeals the December 10, 2018 judgment entry of sentencing of the Napoleon Municipal Court. We affirm.

{¶2} On January 7, 2016, Moore was charged in a complaint for a single count of theft in violation of R.C. 2913.02(A)(2), a first-degree misdemeanor. (Doc. No. 1). The affidavit attached to the warrant stated that on January 3, 2016 an officer was dispatched to the Best Western Hotel in the City of Napoleon, Henry County, Ohio "for a report of a guest that left without paying for his room." (Probable Cause Affidavit; Doc. No. 1.); (*see* December 10, 2018 Tr. at 2, 5, 6; Doc. No. 17). Moore, the "guest" in question, could not be located at the hotel, so a warrant was issued for his arrest. (Warrant on Complaint; Doc. No. 1).

{¶3} Moore was apprehended on the warrant on December 6, 2018 wherein he was able to view a video containing a statement of his rights prior to arraignment. (December 6, 2018 Tr. at 2-4; Doc. No. 17); (December 7, 2018 Tr. at 2; Doc. No. 17); (Doc. No. 16); (*see* Service Return on Warrant on Complaint; Doc. No. 1). Moore was arraigned in the trial court on the complaint on December 7, 2018 where a plea of not guilty was entered on his behalf and his case was scheduled for a pre-trial conference. (December 7, 2018 Tr. at 2, 3; Doc. No. 17); (Doc. No. 2).

**{¶4}** On December 10, 2018, the matter proceeded to a video-conferenced pre-trial and change-of-plea hearing wherein Moore (after waiving counsel and electing to proceed pro se) entered a no-contest plea, and was found guilty by the trial court of theft. (Doc. No. 4). Contemporaneous with his no-contest plea, Moore executed a written waiver of his Crim.R. 11 rights. (December 10, 2018 Tr. at 2-6; Doc. No. 17); (Doc. No. 5).

**{¶5}** After pleading no contest, Moore was immediately sentenced by the trial court. (December 10, 2018 Tr. at 6, 7; Doc. No. 17); (Doc. No. 4). The trial court ordered Moore to pay the court costs ($143.50) and restitution ($101.91) both of which were to be paid through the clerk of court's office by February 28, 2019. (*Id.*); (*Id.*) The trial court further ordered Moore to serve 30 days in jail, 26 days of which were suspended, with Moore receiving credit for 4 days previously served. (*Id.*); (*Id.*) Moore was then immediately released from jail. (Doc. No. 6).

**{¶6}** On January 9, 2019, Moore filed his notice of appeal, a criminal docketing statement, and an affidavit of indigency. (Doc. Nos. 8, 9, 10). However, Moore was later advised by the trial court (by letter) of his lack of compliance with this court's Loc.App.R. 3 in failing to file a statement and praecipe. (Doc. No. 9). Subsequently, Moore filed the required praecipe pursuant to Loc.App.R. 3(B)[1] as well as a motion to appear telephonically or via video conference. (Doc. Nos. 13,

---

[1] The praecipe appears to have been a fill-in-the-blank form document from the Sixth District Court of Appeals of Ohio.

14). Moore also requested appointment of appellate counsel, along with a motion to prepare the transcripts of proceedings at state expense, and a motion for delayed appeal.

{¶7} On January 18, 2019, we journalized a judgment entry finding that the motions for appointment of appellate counsel and for the preparation of transcripts were not properly filed in the trial court pursuant to Loc.App.R. 8(A), and therefore, both motions were denied. (Doc. No. 15). We also found Moore's motion for a delayed appeal was moot.[2] (*Id.*).

{¶8} On appeal, Moore asserts one assignment of error. For the reasons that follow, we affirm the judgment of the trial court.

### Assignment of Error

**The following is a request by said party, Ethan Moore, requesting that said court(s) to set aside and reverse criminal conviction and judgments related to Case No. 04-1801.**

{¶9} In his sole assignment of error Moore argues that we should set aside and reverse his criminal conviction and judgments. Specifically, Moore argues that he was not read his Miranda warnings; that he had no presumption of innocence; that he did not receive due process in that he had no fair and impartial trial; that he had no right to prepare a defense; that he had no right to counsel, to remain silent, to speak to an attorney before arraignment; that his guilt was not proven beyond a

---

[2] Moore's notice of appeal was timely filed pursuant to App.R. 4(A), and therefore, leave of court to file a delayed appeal was not necessary given the foregoing. *See* App.R. 5(A).

reasonable doubt; that he lacked the capacity to contract and was coerced into a plea; and finally, that a violation of 42 U.S.C. 666 occurred.[3]

{¶10} Moore asserts no standard of review in his brief nor does he present *any* legal authority in support of his assertions. "[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal." *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7, citing *State v. Cook,* 9th Dist. Summit No. 20675, 2002-Ohio-2646, ¶ 27. "Moreover, '[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Id.*, quoting *Cook* at ¶ 27.

{¶11} "[A]n appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2): 'if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4, quoting App.R. 12(A); *See also Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988).

{¶12} App.R. 16(A)(7) provides:

(A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

* * *

---

[3] 42 U.S.C. 666 is titled the "[r]equirement of statutorily prescribed procedures to improve effectiveness of child support enforcement."

(7)   An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the *reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.* The argument may be preceded by a summary.

(Emphasis added.)   App.R. 16(A)(7).   Since we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority under App.R. 16(A)(7), we will not address Moore's argument. *See Black v. St. Marys Police Dept.*, 3d Dist. Mercer No. 10-11-11, 2011-Ohio-6697, ¶ 14, citing App.R. 12(A)(2).  *See also Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 169 (3d Dist.1995).  Moreover, Moore's failure to cite *an*y legal authority to support his arguments that the trial court erred in some capacity renders his assignment of error a nullity pursuant to App.R. 12(A)(2).

{¶13} As a result, Moore's assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, the judgment of the Napoleon Municipal Court is affirmed.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J.,**

**/jlr**