[Cite as *State v. Killingsworth*, 2020-Ohio-724.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-19-27

      v.

JARVIS KILLINGSWORTH,            O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-19-28

      v.

JARVIS KILLINGSWORTH,            O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR2018 0485 and CR2019 0045**

**Judgments Affirmed**

**Date of Decision:   March 2, 2020**

APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Jarvis Killingsworth ("Killingsworth"), appeals the May 6, 2019 judgments of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This appeal involves two separate, unrelated criminal cases. The first of these cases, case number CR2018-0485, began on December 13, 2018, when the Allen County Grand Jury indicted Killingsworth on two counts: Count One of illegal use of supplemental nutrition assistance program benefits or WIC program benefits in violation of R.C. 2913.46(B), (D), a fifth-degree felony, and Count Two of receiving stolen property in violation of R.C. 2913.51(A), (C), a fifth-degree felony. (Case No. CR2018-0485, Doc. No. 4). On December 21, 2018, Killingsworth appeared for arraignment and pleaded not guilty to the counts of the December 13, 2018 indictment. (Case No. CR2018-0485, Doc. No. 15). That same day, Killingsworth was released on his own recognizance pursuant to R.C. 2937.29. (Case No. CR2018-0485, Doc. No. 12).

{¶3} A change of plea hearing in case number CR2018-0485 was held on February 1, 2019. (Case No. CR2018-0485, Doc. No. 24). At the change of plea hearing, Killingsworth withdrew his previous pleas of not guilty and pleaded guilty to Count Two of the December 13, 2018 indictment. (*Id.*). In exchange, the State agreed to recommend dismissal of Count One of the December 13, 2018 indictment.

(Case No. CR2018-0485, Doc. Nos. 23, 24). Thereafter, the trial court accepted Killingsworth's guilty plea, found him guilty, and ordered a presentence investigation. (Case No. CR2018-0485, Doc. No. 24). The trial court also dismissed Count One of the December 13, 2018 indictment. (*Id.*).

{¶4} The second case involved in this appeal, case number CR2019-0045, arose from an incident that took place before Killingsworth pleaded guilty in case number CR2018-0485. On January 20, 2019, Daniel Kelley ("Daniel") and his wife, Jessica Kelley ("Jessica"), were clearing snow and salting sidewalks at their apartment building in Lima, Ohio. (May 2-3, 2019 Tr. at 27, 29, 30-31). Daniel was shoveling snow near the back of the building while Jessica was salting the public sidewalks near the front. (*Id.* at 31-32, 52). After Daniel finished shoveling, he began walking back to his truck. (*Id.* at 32). On the way to his truck, Daniel greeted a man who was walking toward him in the alleyway behind the apartment building. (*Id.* at 32-33). As the man drew closer to Daniel, the man, whom Daniel identified as Killingsworth, pulled out a gun, pointed it at Daniel, and said he wanted everything Daniel had. (*Id.* at 33-34). Daniel gave his wallet to Killingsworth, and Killingsworth reached into the front pocket of Daniel's overalls and removed Daniel's cell phone. (*Id.* at 34). Killingsworth then demanded the password to unlock Daniel's phone. (*Id.* at 35).

**{¶5}** Around the same time that Killingsworth was demanding the password to Daniel's cell phone, Jessica walked to the back of the apartment building and called out to Daniel because she believed that Daniel was arguing with a neighbor. (*Id.* at 35, 52). Killingsworth turned around, pointed the gun at Jessica, and ordered Jessica to be quiet and stay still. (*Id.* at 35, 52). As Killingsworth worked to unlock Daniel's phone, he pointed the gun alternately at Daniel and Jessica. (*Id.* at 36, 53). According to Daniel, Killingsworth "was getting frustrated [that] he couldn't get the phone to erase [the] passwords or whatever it was." (*Id.* at 36). Killingsworth held Daniel and Jessica at gunpoint for at least a few minutes while he struggled to unlock Daniel's cell phone and access its contents. (*Id.* at 36, 53).

**{¶6}** Meanwhile, as Killingsworth was struggling with Daniel's cell phone, Jessica managed to gain the attention of one of their tenants. (*Id.* at 37, 53). The tenant called 911, and Deputies Izak Ackerman and Aaron Smith of the Allen County Sheriff's Office, who were nearby, responded to the call. (*Id.* at 37, 53, 72-73, 84). When Killingsworth saw the deputies' patrol vehicle approaching, he fled to a nearby house with Daniel's wallet and cell phone. (*Id.* at 37-39, 75-76, 84-85). Killingsworth was apprehended a short time later after he attempted to escape the house by jumping from a second-story window. (*Id.* at 76, 86). Killingsworth then directed the deputies to the location where he had discarded the gun used to commit

the robbery. (*Id.* at 88). It was determined that the gun was not a firearm, but was instead an airsoft pistol. (*Id.* at 112); (State's Exs. 7, 8).

{¶7} On March 14, 2019, the Allen County Grand Jury indicted Killingsworth on one count of robbery in violation of R.C. 2911.02(A)(2), (B), a second-degree felony. (Case No. CR2019-0045, Doc. No. 4). On March 22, 2019, Killingsworth appeared for arraignment and pleaded not guilty to the count of the March 14, 2019 indictment. (Case No. CR2019-0045, Doc. No. 11).

{¶8} On April 9, 2019, the Allen County Grand Jury issued an amended indictment charging Killingsworth with three counts: Count One of robbery in violation of R.C. 2911.02(A)(2), (B), a second-degree felony, and Counts Two and Three of kidnapping in violation of R.C. 2905.01(A)(2), (C)(1), second-degree felonies. (Case No. CR2019-0045, Doc. No. 45). That same day, Killingsworth appeared for arraignment and pleaded not guilty to the counts of the amended indictment. (Case No. CR2019-0045, Doc. No. 49).

{¶9} A jury trial in case number CR2019-0045 was held on May 2-3, 2019.[1] (Case No. CR2019-0045, Doc. No. 89). On May 2, 2019, the jury found Killingsworth guilty of Counts One and Two of the amended indictment. (Case No. CR2019-0045, Doc. Nos. 85, 86, 89). However, despite additional deliberations, the jury was unable to reach a unanimous verdict on Count Three of the amended

---

[1] This was the second jury trial in the case. The first jury trial, held on April 15-16, 2019, ended in a mistrial. (Case No. CR2019-0045, Doc. No. 70).

indictment, and on May 3, 2019, the trial court declared a mistrial with respect to Count Three. (Case No. CR2019-0045, Doc. Nos. 87, 89). On May 6, 2019, the State entered a nolle prosequi with respect to Count Three of the amended indictment. (Case No. CR2019-0045, Doc. No. 91).

{¶10} On May 3, 2019, the trial court proceeded to sentencing both in case number CR2018-0485 and in case number CR2019-0045. (Case No. CR2018-0485, Doc. No. 28); (Case No. CR2019-0045, Doc. No. 90). At the sentencing hearing, the trial court rejected Killingsworth's argument that Counts One and Two in case number CR2019-0045 should merge for purposes of sentencing. (Case No. CR2019-0045, Doc. No. 90). The trial court then sentenced Killingsworth to 8 years in prison on Count One and 8 years in prison on Count Two. (*Id.*). In addition, the trial court sentenced Killingsworth to 12 months in prison in case number CR2018-0485. (Case No. CR2018-0485, Doc. No. 28). The trial court ordered the 8-year sentence for Count One to be served consecutively to the 8-year sentence for Count Two, and it further ordered the consecutive sentences imposed for Counts One and Two to be served consecutively to the 12-month term of imprisonment imposed in case number CR2018-0485, for an aggregate sentence of 17 years' imprisonment. (Case No. CR2018-0485, Doc. No. 28); (Case No. CR2019-0045, Doc. No. 90). On May 6, 2019, the trial court filed judgment entries of sentence in both cases. (Case No. CR2018-0485, Doc. No. 28); (Case No. CR2019-0045, Doc. No. 90).

{¶11} On May 7, 2019, Killingsworth filed a notice of appeal in case number CR2018-0485. (Case No. CR2018-0485, Doc. No. 29). That same day, Killingsworth filed a notice of appeal in case number CR2019-0045. (Case No. CR2019-0045, Doc. No. 92). Killingsworth's appeals were subsequently consolidated for purposes of briefing and argument. He raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred when it failed to merge defendant's convictions for kidnapping and aggravated robbery.[2]**

{¶12} In his assignment of error, Killingsworth argues that the trial court erred by failing to merge his kidnapping and robbery convictions for purposes of sentencing. Specifically, Killingsworth argues that "it is clear [that he] restrained [Daniel] of his liberty only for the purpose of committing the robbery." (Appellant's Brief at 11). He contends that the "kidnapping count facilitated the robbery count and suggests that the offenses caused the same harm, were committed simultaneously, and were committed with the same animus." (*Id.*).

{¶13} "Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo." *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 128, citing *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-

---

[2] Killingsworth was convicted of robbery, not aggravated robbery.

Ohio-5733, ¶ 15, citing *State v. Brown*, 3d Dist. Allen No. 1-10-31, 2011-Ohio-1461, ¶ 36.

{¶14} R.C. 2941.25, Ohio's multiple-count statute, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. When determining whether a defendant can be convicted of multiple offenses,

"courts must ask three questions * * *: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit

separate convictions. The conduct, the animus, and the import must all be considered."

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 31 and citing *Ruff* at paragraphs one, two, and three of the syllabus.

{¶15} In this case, the answer to the third question—whether Killingsworth committed his offenses with a separate animus or motivation—is dispositive of his assignment of error. Therefore, we proceed directly to addressing the separate-animus component of the three-part test. "'The term "animus" means "'purpose or, more properly, immediate motive.'"'" *Frye* at ¶ 131, quoting *State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, ¶ 70, quoting *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).[3] "'"Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must * * * commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime."'" *Id.*, quoting *Ramey* at ¶ 70, quoting *Logan* at 131.

---

[3] With respect to our continued reliance on *Logan*'s exposition of "animus," we note that "[a]lthough the 'two-step' analysis prescribed by the Supreme Court of Ohio in *Logan* has been overruled, the court's discussion of animus remains relevant under the current tripart test prescribed in *Ruff*." *Frye* at ¶ 131, fn. 2, citing *State v. Lundy*, 8th Dist. Cuyahoga No. 105117, 2017-Ohio-9155, ¶ 26 ("Although *Logan* predates *Ruff*, Ohio courts continue to apply the guidelines set forth in *Logan* to determine whether * * * offenses were committed with a separate animus, in accordance with the third prong of the *Ruff* test.").

**{¶16}** "'"'Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances."'"' *Frye*, 2018-Ohio-894, at ¶ 132, quoting *Ramey* at ¶ 71, quoting *Logan* at 131. "'"'Thus the manner in which a defendant engages in a course of conduct may indicate distinct purposes."'"' *Id.*, quoting *Ramey* at ¶ 71, quoting *State v. Whipple*, 1st Dist. Hamilton No. C-110184, 2012-Ohio-2938, ¶ 38. "'"'Courts should consider what facts appear in the record that 'distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed.'"'"' *Id.*, quoting *Ramey* at ¶ 71, quoting *Whipple* at ¶ 38, quoting *State v. Glenn*, 8th Dist. Cuyahoga No. 94425, 2012-Ohio-1530, ¶ 9.

**{¶17}** Killingsworth was convicted of one count of robbery in violation of R.C. 2911.02(A)(2)[4] and one count of kidnapping in violation of R.C. 2905.01(A)(2).[5] As this court has observed, "[t]he crime of robbery often involves the crime of kidnapping." *State v. Randle*, 3d Dist. Marion Nos. 9-17-08 and 9-17-09, 2018-Ohio-207, ¶ 16, citing *State v. Jenkins*, 15 Ohio St.3d 164, 198 (1984), fn. 29. Consequently, it is not uncommon for courts to merge robbery and kidnapping convictions for purposes of sentencing. *E.g.*, *In re A.G.*, 8th Dist. Cuyahoga No.

---

[4] R.C. 2911.02(A)(2) states that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another * * *."

[5] R.C. 2905.01(A)(2) provides, in relevant part, that "[n]o person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * *[t]o facilitate the commission of any felony or flight thereafter * * *."

101010, 2016-Ohio-5616, ¶ 11-12; *State v. Phipps*, 10th Dist. Franklin No. 15AP-524, 2016-Ohio-663, ¶ 31-32; *State v. Anderson*, 1st Dist. Hamilton No. C-110029, 2012-Ohio-3347, ¶ 25-33. However, kidnapping convictions do not merge with robbery convictions in every instance. "[T]he primary question when determining whether kidnapping merges with another offense 'is whether the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense.'" *State v. Morris*, 1st Dist. Hamilton No. C-150421, 2016-Ohio-5490, ¶ 17, quoting *Logan* at 135. "'Thus, when a kidnapping is committed during another crime, there exists no separate animus where the restraint or movement of the victim is merely incidental to the underlying crime.'" *Id.*, quoting *State v. Grant*, 1st Dist. Hamilton No. C-971001, 2001 Ohio App. LEXIS 1388, *16 (Mar. 23, 2001). However, where the restraint is prolonged or the movement is substantial, the kidnapping and robbery offenses are committed with a separate animus. *Id.*; *Logan* at syllabus. Likewise, where the movement or restraint of the victim exposes the victim "'to a substantial increase in risk of harm separate and apart from that involved'" in the robbery, there exists a separate animus as to the kidnapping and the robbery. *State v. Cook*, 11th Dist. Geauga No. 2016-G-0096, 2018-Ohio-788, ¶ 15-16, quoting *Logan* at syllabus.

**{¶18}** After reviewing the record, we conclude that the trial court did not err by failing to merge Killingsworth's kidnapping and robbery convictions. The robbery was over as soon as Killingsworth gained possession of Daniel's wallet and cell phone. *See State v. Brown*, 1st Dist. Hamilton Nos. C-080320 and C-080321, 2009-Ohio-1889, ¶ 26; *State v. Rodgers*, 10th Dist. Franklin No. 06AP-808, 2007-Ohio-1501, ¶ 20. Yet, instead of fleeing immediately after the robbery was completed, Killingsworth continued to hold Daniel at gunpoint for at least a few more minutes. The duration of Daniel's restraint clearly exceeded that necessary to complete the robbery. *See State v. Gilcrease*, 8th Dist. Cuyahoga No. 107084, 2019-Ohio-350, ¶ 19; *State v. Burton*, 8th Dist. Cuyahoga No. 94449, 2011-Ohio-198, ¶ 30, 32; *Rodgers* at ¶ 20. Therefore, the restraint was not merely incidental to the robbery; it "was substantial enough to demonstrate a significance independent of the * * * robbery." *Rodgers* at ¶ 20. Accordingly, we conclude that the kidnapping and robbery were committed with separate animus. *See Gilcrease* at ¶ 16-20 (concluding that the defendant's kidnapping and aggravated robbery convictions would not merge because the evidence "clearly established that [his accomplice] continued to hold [the victim] at gunpoint after the robbery had been completed"); *State v. Ross*, 8th Dist. Cuyahoga No. 98763, 2013-Ohio-3130, ¶ 54-58 (holding that the defendant's kidnapping and aggravated robbery offenses were not committed with the same animus because the defendant prolonged the victim's

restraint by driving for approximately two blocks with the victim after taking the victim's cell phone); *Burton* at ¶ 30, 32; *Brown* at ¶ 26. Therefore, the trial court did not err by failing to merge Killingsworth's kidnapping and robbery convictions for purposes of sentencing.

{¶19} Having concluded that the trial court did not err by failing to merge Killingsworth's convictions in case number CR2019-0045, we now consider whether the trial court committed any error in case number CR2018-0485. Although Killingsworth filed a notice of appeal in case number CR2018-0485, he fails to offer a separate assignment of error pertaining to the trial court's judgment in that case. *See* App.R. 16(A). Moreover, Killingsworth essentially makes no argument in support of his appeal of the trial court's judgment in case number CR2018-0485. While he contends that "[t]he only remaining issue left open for review is the sentence in this case," specifically whether the sentence "should have been consecutive to [the] other sentences imposed by the trial court," he concludes that "it appears from [the] transcript of the sentencing hearing that the trial court did consider and state factors necessary for consecutive sentences." (Appellant's Brief at 12-13). Furthermore, he makes no argument that the trial court's consecutive-sentencing findings are not supported by the record. Thus, Killingsworth does not appear to argue that the trial court committed any error in case number CR2018-0485. "'[A]n appellate court may disregard an assignment of error pursuant to

App.R. 12(A)(2): "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."'" *State v. Moore*, 3d Dist. Henry No. 7-19-01, 2019-Ohio-2633, ¶ 11, quoting *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4, quoting App.R. 12(A). Therefore, because Killingsworth has failed to present a separate assignment of error in his brief with respect to case number CR2018-0485 and to argue that the trial court committed *any* error in that case, we decline to address Killingsworth's assignment of error to the extent that it applies to the trial court's judgment in case number CR2018-0485. *See State v. Todd*, 3d Dist. Logan No. 8-18-18, 2018-Ohio-4252, ¶ 32.

{¶20} Killingsworth's assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**SHAW, P.J. and ZIMMERMAN, J., concur.**

**/jlr**