[Cite as *State v. DeVaughns*, 2021-Ohio-729.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28937 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-843 |
| | : | |
| CHRISTOPHER DEVAUGHNS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of March, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER DEVAUGHNS, Inmate No. 525-249, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Christopher DeVaughns appeals from the trial court's denial of his petition for post-conviction relief. Because the trial court correctly concluded that all of DeVaughns's claims were barred by the doctrine of res judicata, the trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} In 2006, DeVaughns was convicted of felonious assault and kidnapping. In DeVaughns's direct appeal, we rejected his assignments of error, with one exception. *State v. DeVaughns*, 2d Dist. Montgomery No. 21654, 2007-Ohio-3455. The exception was the trial court's failure to provide DeVaughns with an opportunity to address the court before the sentence was imposed. *Id.* On remand, DeVaughns was provided an allocution opportunity, and the record reflects that he took advantage of this opportunity. The trial court imposed the same sentence, and DeVaughns once again appealed; DeVaughns asserted that his convictions had been obtained through perjured testimony, and that trial counsel had been ineffective. We rejected these claims as being beyond the scope of the resentencing appeal, and we affirmed the trial court's resentencing judgment. *State v. DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010. Pertinent to the present appeal, DeVaughns also asserted at that time that the sentence was subject to reversal because he had been represented by a stand-in attorney at the resentencing hearing. We rejected this argument because the record reflected that DeVaughns had voluntarily consented to stand-in counsel at the resentencing hearing. *Id.* at ¶ 30.

{¶ 3} Eleven years later, in September 2019, DeVaughns filed a document asserting a right to post-conviction relief under R.C. 2953.21. Specifically, DeVaughns

asserted that his constitutional right to counsel had been violated at the resentencing hearing because his attorney did not attend the hearing, and the stand-in attorney provided ineffective assistance. Referring to DeVaughns's filing as a motion, the trial court overruled the motion based upon the doctrine of res judicata. This appeal followed.

**Analysis**

{¶ 4} Consistent with the trial court's analysis, and without consideration of the petition's timeliness or its successive nature,[1] we conclude that DeVaughns's petition seeking post-conviction relief was barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment * * * bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense [or claimed constitutional deficiency] that was raised or could have been raised * * * [in] an appeal [from the judgment]." *State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 11, quoting *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). DeVaughns either raised, or could have raised, the stand-in attorney claims he now asserts in the direct appeal of the resentencing judgment. As such, these claims are barred by res judicata. The trial court's judgment is affirmed on this basis.

---

[1] At the relevant time, unless an exception was present, a defendant had to file a petition for post-conviction relief no later than 180 days after the trial transcript for the direct appeal was filed in the court of appeals. The filing deadline is now 365 days after the trial transcript is filed in the court of appeals. The conditions that allow a late filing are that the petitioner was unavoidably prevented from discovering the facts in support of the petition or that the United States Supreme Court has recognized a new state or federal right applicable to the defendant's situation and which has retroactive application. DeVaughns's petition was filed late, and neither situation sanctioning a late filing was asserted. Moreover, R.C. 2953.23(A) bars a trial court from entertaining a successive petition for post-conviction relief. The record reflects that this was not DeVaughns's first petition for post-conviction relief. A trial court is without jurisdiction to consider a petition seeking post-conviction relief which is either untimely or successive. *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332 (2d Dist.).

## Conclusion

**{¶ 5}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Christopher DeVaughns
Hon. Gregory F. Singer